1   PAGES 1 - 36

2                       UNITED STATES DISTRICT COURT

3                     NORTHERN DISTRICT OF CALIFORNIA

4            BEFORE THE HONORABLE JUDGE JEFFREY S. WHITE, JUDGE

5   UNITED STATES OF AMERICA,            )
                                         )
6                       PLAINTIFF,  ) NO. CR 14-545 JSW
    VS.                                  )
7                                        )  OAKLAND,
                                         )  CALIFORNIA
8                                        )  TUESDAY
    BLAKE ROBERT JOHNSTON,               )  DECEMBER 1, 2015
9                                        )
                        DEFENDANT.   )
10  _____)  1:00 O'CLOCK P.M.

11                        <u>TRANSCRIPT OF PROCEEDINGS</u>

12  <u>APPEARANCES</u>:

13  FOR PLAINTIFF:
    UNITED STATES ATTORNEY'S OFFICE
14  1301 CLAY STREET, #340S
    OAKLAND, CALIFORNIA 94612
15  BY:  MAUREEN BESSETTE, ASSISTANT UNITED STATES ATTORNEY

16

17  FOR DEFENDANT:
    MARK GOLDROSEN, ESQUIRE
18  255 KANSAS STREET
    SAN FRANCISCO, CALIFORNIA 94103

19

20  *REPORTED BY:    KATHERINE WYATT, CSR 9866, RMR, RPR*

21

22

23

24

25

                              _

```
 1   DECEMBER 1, 2015                    1:00 O'CLOCK P.M.

 2

 3                      P R O C E E D I N G S

 4        THE CLERK:  CALLING CASE NUMBER CR14-545, UNITED

 5   STATES VERSUS BLAKE ROBERT JOHNSTON.

 6      COUNSEL, PLEASE STEP FORWARD TO THE PODIUMS AND

 7   STATE YOUR APPEARANCES.

 8        MS. BESSETTE:  GOOD AFTERNOON, YOUR HONOR.  MAUREEN

 9   BESSETTE FOR THE UNITED STATES.

10        THE COURT:  GOOD AFTERNOON.

11        MR. GOLDROSEN:  GOOD AFTERNOON, YOUR HONOR.  MARK

12   GOLDROSEN FOR BLAKE JOHNSTON, WHO IS PRESENTLY COMING INTO THE

13   COURTROOM.

14        THE COURT:  GOOD AFTERNOON.

15      HELLO, MR. JOHNSTON.

16        THE DEFENDANT:  YOUR HONOR.

17        THE COURT:  ALL RIGHT.  SO, WE'RE HERE FOR THE MATTER

18   OF A TENDER OF A GUILTY PLEA PURSUANT TO A WRITTEN PLEA

19   AGREEMENT.

20      SO THE DEFENDANT HAS -- IF THE DEFENDANT HAS

21   EXECUTED THAT, I WOULD APPRECIATE IF YOU HAND IT UP.

22        MR. GOLDROSEN:  IT IS, YOUR HONOR.

23      I'M SORRY.  COULD I JUST LOOK AT THAT ONE SECOND?

24        THE COURT:  SURE.

25        MR. GOLDROSEN:  THERE HAVE BEEN MULTIPLE VERSIONS
```

1   GOING AROUND.

2          **THE COURT:**  YES.  AND I WAS GOING TO BE

3   DOUBLECHECKING THE COURT'S DRAFT.

4          **MR. GOLDROSEN:**  I'M SORRY, YOUR HONOR.  THAT WAS NOT

5   THE MOST RECENT VERSION.

6          **MS. BESSETTE:**  I'M NOT SURE WHAT HAPPENED, YOUR

7   HONOR.

8       I MADE ONE CHANGE IN IT, AND SOMEHOW I ENDED UP

9   PRINTING OUT A DIFFERENT VERSION.

10          **THE COURT:**  ALL RIGHT.

11          (COUNSEL CONFER OFF THE RECORD.)

12          **THE COURT:**  MS. BESSETTE, LET ME SUGGEST WE TAKE A

13   SHORT RECESS; THAT YOU GO BACK TO YOUR OFFICE, AND THEN YOU CAN

14   SHOW IT TO MR. GOLDROSEN AND MAKE SURE IT'S THE RIGHT ONE

15   RATHER THAN START INTERLINEATING THAT.

16          **MS. BESSETTE:**  WE MIGHT HAVE THE RIGHT ONE RIGHT

17   HERE.

18       OH, IT'S NOT?  THANK YOU.

19          **THE COURT:**  WE'LL TAKE A BRIEF BREAK.

20          **MS. BESSETTE:**  I APOLOGIZE.  THANK YOU, YOUR HONOR. I

21   APOLOGIZE.

22          **THE COURT:**  THAT'S OKAY.

23          (THEREUPON, A RECESS WAS TAKEN.)

24          **THE CLERK:**  REMAIN SEATED AND COME TO ORDER.

25       RECALLING CASE NUMBER CR-14-545, UNITED STATES

1  VERSUS BLAKE ROBERT JOHNSTON.

2      COUNSEL, PLEASE RESTATE YOUR APPEARANCES.

3          **MS. BESSETTE:**  MAUREEN BESSETTE, FOR THE UNITED

4  STATES.  THANK YOU FOR THAT, YOUR HONOR.

5          **MR. GOLDROSEN:**  AND MARK GOLDROSEN FOR BLAKE

6  JOHNSTON.

7      YOUR HONOR, THAT WAS MY FAULT.  I WAS MISTAKEN

8  ABOUT THE PLEA AGREEMENT.  WE DID HAVE THE CORRECT ONE.

9          **THE COURT:**  THAT'S OKAY.  SO THE ONE THAT WAS HANDED

10 UP IS THE CORRECT ONE?

11         **MS. BESSETTE:**  YES, IT IS.

12         **MR. GOLDROSEN:**  YES.

13         **THE COURT:**  ALL RIGHT.  A COUPLE OF HOUSEKEEPING

14 MATTERS.

15     THE FIRST IS MS. BESSETTE, FOR THE COURT THE COURT

16 IS HERE IN OAKLAND, AND NOT IN SAN FRANCISCO ANYMORE.

17         **MS. BESSETTE:**  OH.

18         **THE COURT:**  AND THE LETTER WAS ADDRESSED TO 450

19 GOLDEN GATE, WHICH IS FINE IF IT'S HAND-DELIVERED.  BUT IF

20 MATERIALS GET MAILED THERE THE COURT MAY NEVER GET IT HERE.

21 IT'S A BAD CONNECTION.

22     MAYBE IT'S THE BAY BRIDGE TRAFFIC OR SOMETHING.

23 BUT PLEASE SEND IT TO THE CORRECT PLACE.

24     THE SECOND ISSUE IS MORE SUBSTANTIVE, AND THAT HAS

25 TO DO WITH IN CASES LIKE THIS IN THE PAST THE GOVERNMENT

1    HAS SOMETIMES ASKED FOR A SEALED COURTROOM IN DEFERENCE

2    TO THE ALLEGED VICTIM.

3        WHAT'S THE GOVERNMENT'S POSITION ON THAT?  OR IS

4    THE GOVERNMENT GOING TO DEAL WITH THIS IN A WAY THAT

5    DOESN'T FURTHER IMPACT THE ALLEGED VICTIM IN THIS CASE?

6            **MS. BESSETTE:**  YOUR HONOR, THANK YOU FOR THAT.  AND I

7    THINK THE GOVERNMENT CAN HANDLE THE MATTER SO THAT THERE IS NO

8    ISSUE FOR THE VICTIM.

9        MY UNDERSTANDING IS WE HAVE TO GO THROUGH MAIN

10   JUSTICE TO GET APPROVAL, AND IT CAN LENGTHY AND WE DON'T

11   NECESSARILY ALWAYS GET IT BECAUSE OF THE PUBLIC'S RIGHT

12   TO THE INFORMATION.

13           **THE COURT:**  RIGHT.

14           **MS. BESSETTE:**  SO I THINK WE CAN JUST HANDLE THE

15   MATTER IN A WAY THAT WILL NOT IMPACT THE VICTIM.

16           **THE COURT:**  ALL RIGHT.  AND FURTHER, IF THERE'S

17   ANY -- TO THAT END, IF THERE ARE ANY DOCUMENTS THAT THE

18   GOVERNMENT BELIEVES AND THE DEFENSE AGREES OUGHT TO BE SEALED

19   OR REDACTED IN SOME FASHION TO REDACT IN DEFERENCE TO THE

20   VICTIM, THEN WE CAN DEAL WITH THAT.

21       BUT I JUST WANTED TO HIGHLIGHT THAT ISSUE.

22       SO WITH THAT NOW WE'LL GO FORWARD.

23       SO, MR. JOHNSTON, BEFORE I CAN ACCEPT YOUR GUILTY

24   PLEA I'M REQUIRED TO ASK YOU SOME QUESTIONS WHICH YOU'LL

25   BE REQUIRED TO ANSWER UNDER OATH SO.

1        I'LL ASK THE CLERK TO PLEASE SWEAR THE DEFENDANT.

2        (THEREUPON, THE DEFENDANT WAS SWORN.)

3            **THE DEFENDANT:**  I DO.

4           **THE COURT:**  THANK YOU.  ALL RIGHT.  SO YOU UNDERSTAND

5 YOU'RE NOW UNDER OATH, SIR?

6           **THE DEFENDANT:**  YES, YOUR HONOR.

7           **THE COURT:**  AND BECAUSE YOU'RE UNDER OATH DO YOU

8 UNDERSTAND THAT YOU ARE REQUIRED TO TELL THE TRUTH?

9           **THE DEFENDANT:**  ABSOLUTELY, YOUR HONOR.

10           **THE COURT:**  AND DO YOU UNDERSTAND THAT IF YOU LIE TO

11 THE COURT WHILE YOU'RE UNDER OATH YOU COULD BE FACING

12 ADDITIONAL CHARGES AND PENALTIES?

13           **THE DEFENDANT:**  YES, YOUR HONOR.

14           **THE COURT:**  SO TODAY I'M GOING TO ASK YOU SOME

15 QUESTIONS TO MAKE SURE THAT YOU KNOWINGLY, VOLUNTARILY AND

16 INTELLIGENTLY, WITH THE ADVICE OF YOUR ATTORNEY, WANT TO ENTER

17 A GUILTY PLEA.

18     SOME DEFENDANTS COME HERE, AND THEN AFTER THEY HEAR

19 WHAT THEY ARE GIVING UP AND SOME OF THE OTHER ASPECTS OF

20 THE CASE, THE CONSEQUENCES, THEY SAY:

21        "YOU KNOW, I INSIST ON MY RIGHTS."  AND THAT'S

22 PERFECTLY APPROPRIATE IF YOU MAKE THAT DECISION.

23     SO THIS IS NOT A USELESS EXERCISE.  IT'S IMPORTANT

24 THAT YOU LISTEN TO THE QUESTIONS.  AND IT'S NOT OVER

25 UNTIL I ACCEPT THE PLEA.  AND SO THAT'S WHY WE GO WITH

1    THESE QUESTIONS.

2         SO I'M GOING TO ASK YOU SOME QUESTIONS ABOUT THE

3    CRIME YOU'RE PLEADING GUILTY TO, AND YOU'LL BE REQUIRED

4    TO ANSWER THOSE QUESTIONS.

5         IF YOU WISH TO CONSULT WITH MR. GOLDROSEN BEFORE

6    ANSWERING ANY QUESTION OR AT ANY TIME DURING THE

7    PROCEEDINGS YOU DON'T NEED THE COURT'S PERMISSION.

8    PLEASE FEEL FREE TO DO SO.  YOU UNDERSTAND?

9              **THE DEFENDANT:**  YES, YOUR HONOR.

10             **THE COURT:**  AND SHOULD YOU NOT UNDERSTAND ONE OR MORE

11   OF THE COURT'S QUESTIONS, JUST TELL ME AND I'LL REPHRASE THE

12   QUESTION.  ALL RIGHT?

13             **THE DEFENDANT:**  YES, YOUR HONOR.

14             **THE COURT:**  WHAT IS YOUR FULL NAME?

15             **THE DEFENDANT:**  BLAKE ROBERT JOHNSTON.

16             **THE COURT:**  AND HOW OLD ARE YOU?

17             **THE DEFENDANT:**  I'M 42.

18             **THE COURT:**  HOW FAR DID YOU GO IN SCHOOL?

19             **THE DEFENDANT:**  TWO UNITS SHORT OF MY BACHELOR OF

20   ARTS DEGREE.

21             **THE COURT:**  AND CAN YOU READ AND WRITE ENGLISH?

22             **THE DEFENDANT:**  YES, I CAN.

23             **THE COURT:**  ALL RIGHT.  NOW, I'M GOING TO ASK YOU

24   SOME QUESTIONS ABOUT YOUR PHYSICAL AND EMOTIONAL WELL-BEING

25   BECAUSE I WANT TO MAKE SURE THAT YOU ARE COMPETENT TO PLEAD

```
1    GUILTY AND GIVE UP YOUR RIGHTS.

2        SO WITHIN THE LAST 24 HOURS HAVE YOU HAD ANY

3    ALCOHOLIC BEVERAGES?

4              THE DEFENDANT:  NO, YOUR HONOR.

5              THE COURT:  HAVE YOU BEEN TREATED FOR ANY MENTAL

6    ILLNESS OR ADDICTION TO NARCOTIC DRUGS OF ANY KIND RECENTLY?

7              THE DEFENDANT:  NO, YOUR HONOR.

8              THE COURT:  WITHIN THE LAST 24 HOURS, HAVE YOU TAKEN

9    ANY DRUGS OR MEDICINES, WHETHER THEY WERE PRESCRIBED BY A

10   DOCTOR OR NOT?

11             THE DEFENDANT:  NO, YOUR HONOR.

12             THE COURT:  ARE YOU CURRENTLY IN ANY PAIN?

13             THE DEFENDANT:  NO, YOUR HONOR.

14             THE COURT:  ARE YOU SICK IN ANY WAY WHICH WOULD

15   PREVENT YOU FROM UNDERSTANDING WHAT IS GOING ON TODAY?

16             THE DEFENDANT:  NO, YOUR HONOR.

17             THE COURT:  DO YOU, IN FACT, UNDERSTAND?

18             THE DEFENDANT:  YES, YOUR HONOR.

19             THE COURT:  SO JUST SO I CAN BE SURE OF THAT WILL YOU

20   TELL ME IN YOUR OWN WORDS WHAT YOU THINK IS HAPPENING HERE

21   TODAY?

22             THE DEFENDANT:  I'M PLEADING GUILTY TO ONE OF THE

23   CHARGES AGAINST ME AND TO MAKE WAY FOR THE SETTLEMENT OR FOR

24   THE SENTENCING.

25             THE COURT:  ALL RIGHT.  DO YOU UNDERSTAND THAT YOU
```

1    HAVE A RIGHT, AS I MENTIONED BEFORE, TO ENTER A NOT GUILTY PLEA

2    AND TO KEEP THAT PLEA THROUGHOUT THE CASE?

3              **THE DEFENDANT:**  YES, YOUR HONOR.

4              **THE COURT:**  IF YOU WERE TO CONTINUE TO ENTER A NOT

5    GUILTY PLEA, DO YOU UNDERSTAND THAT YOU WOULD HAVE A RIGHT TO A

6    TRIAL?

7              **THE DEFENDANT:**  YES, YOUR HONOR.

8              **THE COURT:**  DO YOU FURTHER UNDERSTAND THAT YOU HAVE A

9    RIGHT TO A SPEEDY AND PUBLIC TRIAL BY A JURY COMPOSED OF 12

10   CITIZENS OF THIS DISTRICT?

11             **THE DEFENDANT:**  YES, YOUR HONOR.

12             **THE COURT:**  DO YOU UNDERSTAND THAT IN ORDER FOR A

13   JURY TO CONVICT YOU ITS DECISION MUST BE UNANIMOUS, WHICH MEANS

14   THAT ALL 12 PERSONS MUST AGREE?

15             **THE DEFENDANT:**  YES, YOUR HONOR.

16             **THE COURT:**  NOW, AT THIS TRIAL YOU WOULD HAVE A RIGHT

17   TO HAVE AN ATTORNEY REPRESENT YOU.  AND THAT ATTORNEY CAN BE

18   EITHER ONE THAT IS RETAINED OR PAID FOR BY YOU.  OR IF YOU WERE

19   UNABLE TO AFFORD AN ATTORNEY, THE COURT MAY APPOINT AN ATTORNEY

20   TO REPRESENT YOU AND THE GOVERNMENT WOULD PAY THE COST

21   ASSOCIATED WITH THIS ATTORNEY'S SERVICES.

22        DO YOU UNDERSTAND THAT?

23             **THE DEFENDANT:**  YES, YOUR HONOR.

24             **THE COURT:**  DO YOU ALSO UNDERSTAND THAT YOU MAY WAIVE

25   OR GIVE UP YOUR RIGHT TO COUNSEL AND YOU HAVE A CONSTITUTIONAL

1  RIGHT TO REPRESENT YOURSELF AT TRIAL.

2        DO YOU UNDERSTAND THAT?

3              **THE DEFENDANT:**  YES, YOUR HONOR.

4              **THE COURT:**  NOW, AT THIS TRIAL YOU WOULD BE PRESUMED

5  TO BE INNOCENT AND THE BURDEN WOULD ALWAYS BE ON THE UNITED

6  STATES GOVERNMENT TO PROVE YOUR GUILT BEYOND A REASONABLE

7  DOUBT.

8        DO YOU UNDERSTAND THAT?

9              **THE DEFENDANT:**  YES, YOUR HONOR.

10             **THE COURT:**  NOW, IN ORDER TO DO THAT, TO PROVE YOUR

11  GUILT BEYOND A REASONABLE DOUBT, THE UNITED STATES WOULD BE

12  REQUIRED TO CALL WITNESSES WHO WOULD APPEAR HERE AND TESTIFY

13  UNDER OATH AGAINST YOU.

14        YOU UNDERSTAND THAT?

15             **THE DEFENDANT:**  YES, YOUR HONOR.

16             **THE COURT:**  NOW, WITH RESPECT TO THOSE WITNESSES WHO

17  TESTIFY IN OPEN COURT YOU HAVE THE RIGHT TO SEE THEM, TO

18  CONFRONT THEM AND CROSS-EXAMINE OR ASK QUESTIONS OF EACH OF THE

19  GOVERNMENT'S WITNESSES.  DO YOU UNDERSTAND THAT?

20             **THE DEFENDANT:**  YES, YOUR HONOR.

21             **THE COURT:**  NOW, DURING THIS TRIAL YOU ALSO HAVE A

22  CONSTITUTIONAL RIGHT TO REMAIN SILENT, WHICH MEANS THAT DURING

23  THE TRIAL NO ONE CAN COMPEL OR REQUIRE YOU TO BE A WITNESS

24  YOURSELF, TO PRESENT EVIDENCE, TO CALL WITNESSES ON YOUR BEHALF

25  OR EVEN TO CROSS-EXAMINE THE GOVERNMENT'S WITNESSES.

1        YOU UNDERSTAND THAT.

2            **THE DEFENDANT:**  YES, YOUR HONOR.

3            **THE COURT:**  THE FACT THAT YOU CHOSE TO EXERCISE THIS

4   CONSTITUTIONAL RIGHT TO REMAIN SILENT COULD NOT BE HELD AGAINST

5   YOU AND NEITHER THE JUDGE NOR THE JURY TRYING THE CASE COULD

6   INFER OR PRESUME THAT YOU WERE GUILTY JUST BECAUSE YOU CHOSE TO

7   REMAIN SILENT DURING THE TRIAL.

8        DO YOU UNDERSTAND THAT?

9            **THE DEFENDANT:**  YES, YOUR HONOR.

10           **THE COURT:**  ON THE OTHER HAND, AFTER CONSULTING WITH

11  YOUR ATTORNEY, YOU MAY DECIDE THAT IN ADDITION TO

12  CROSS-EXAMINING THE GOVERNMENT'S WITNESSES, YOU AND YOUR

13  ATTORNEY MAY CALL YOU AS A WITNESS OR MAY CALL ANY OTHER

14  WITNESSES ON YOUR BEHALF OR INTRODUCE SUCH EVIDENCE AS MAY BE

15  ALLOWED BY FEDERAL LAW.

16       YOU UNDERSTAND THAT.

17           **THE DEFENDANT:**  YES, YOUR HONOR.

18           **THE COURT:**  AND LET'S SAY YOU HAD WITNESSES OR

19  EVIDENCE THAT YOU FELT WOULD HELP YOUR DEFENSE, AND THOSE

20  WITNESSES OR THAT EVIDENCE WERE NOT READILY ACCESSIBLE TO YOU.

21  THAT YOU HAVE THE RIGHT TO USE WHAT IS CALLED "SUBPOENA POWERS

22  OF THE COURT" IN WHICH YOU CAN REQUIRE BY SUBPOENA PARTIES AND

23  EVIDENCE TO COME TO COURT ON YOUR BEHALF.

24       DO YOU UNDERSTAND THAT.

25           **THE DEFENDANT:**  YES, YOUR HONOR.

1     **THE COURT:**  HOWEVER, THE FACT THAT YOU CHOSE TO

2   PRESENT ANY EVIDENCE OF ANY KIND IN YOUR DEFENSE WOULD NOT

3   CHANGE THE BURDEN OF PROOF AT TRIAL.  PUT ANOTHER WAY, DO YOU

4   UNDERSTAND THAT THE GOVERNMENT BEARS THE BURDEN OF PROVING YOUR

5   GUILT ON EVERY SINGLE CHARGE BROUGHT AGAINST YOU AT TRIAL?

6     **THE DEFENDANT:**  YES, YOUR HONOR.

7     **THE COURT:**  DO YOU UNDERSTAND THAT BY ENTERING A

8   GUILTY PLEA YOU GIVE UP YOUR RIGHT TO HAVE A TRIAL?

9     **THE DEFENDANT:**  YES, YOUR HONOR.

10     **THE COURT:**   DO YOU UNDERSTAND THAT YOU ARE GIVING UP

11   YOUR RIGHT TO APPEAL ANY JURY VERDICT OF CONVICTION SINCE YOU

12   ARE CONVICTING YOURSELF BY YOUR ADMISSIONS TODAY?

13     **THE DEFENDANT:**  YES, YOUR HONOR.

14     **THE COURT:**  IN FACT, DO YOU UNDERSTAND THAT IF I

15   ACCEPT YOUR GUILTY PLEA THERE WILL BE NO TRIAL?

16     **THE DEFENDANT:**  YES, YOUR HONOR.

17     **THE COURT:**  HAS ANYONE THREATENED YOU IN ANY WAY TO

18   FORCE YOU TO ENTER A GUILTY PLEA?

19     **THE DEFENDANT:**  NO, YOUR HONOR.

20     **THE COURT:**  ARE YOU PLEADING GUILTY TO PROTECT

21   ANYONE?

22     **THE DEFENDANT:**  NO, YOUR HONOR.

23     **THE COURT:**  ARE YOU BEING PAID BY ANYONE TO ENTER A

24   GUILTY PLEA?

25     **THE DEFENDANT:**  NO, YOUR HONOR.

1          **THE COURT:**  ARE YOU PLEADING GUILTY OF YOUR OWN FREE

2    WILL BECAUSE YOU ARE, IN FACT, GUILTY OF THE CHARGE?

3          **THE DEFENDANT:**  YES, YOUR HONOR.

4          **THE COURT:**  HAS ANY -- OTHER THAN THE PLEA AGREEMENT,

5    WHICH WAS HANDED UP TO THE COURT AND YOU APPARENTLY SIGNED IN

6    OPEN COURT, HAS ANYONE PROMISED YOU ANYTHING IN RETURN FOR YOUR

7    GUILTY PLEA?

8          **THE DEFENDANT:**  NO, YOUR HONOR.

9          **THE COURT:**  NOW, YOU HAVE SIGNED AND ENTERED INTO A

10   WRITTEN PLEA AGREEMENT WITH THE GOVERNMENT; IS THAT CORRECT?

11         **THE DEFENDANT:**  CORRECT, YOUR HONOR.

12         **THE COURT:**  DID YOU HAVE AN OPPORTUNITY TO READ IT

13   AND DISCUSS THE PLEA AGREEMENT WITH YOUR ATTORNEY BEFORE YOU

14   SIGNED IT?

15         **THE DEFENDANT:**  YES, YOUR HONOR.

16         **THE COURT:**  DO YOU UNDERSTAND ALL OF THE TERMS OF THE

17   PLEA AGREEMENT?

18         **THE DEFENDANT:**  YES, YOUR HONOR.

19         **THE COURT:**  WHAT I'M GOING TO DO NOW, MR. JOHNSTON,

20   IS I'M GOING TO SUMMARIZE THE PLEA AGREEMENT, EVEN THOUGH IT'S

21   A WRITTEN DOCUMENT, AND THE HIGHLIGHTS TO MAKE SURE YOU

22   UNDERSTAND WHAT YOU HAVE AGREED TO AND SOME OF THE

23   CONSEQUENCES.

24        AND AT THE END OF MY VERBAL SUMMARY I'M GOING TO

25   ASK YOU IF I'VE ACCURATELY SUMMARIZED THE PLEA

1  AGREEMENT.  SO IN THIS PLEA AGREEMENT YOU HAVE AGREED TO

2  PLEAD GUILTY TO COUNT ONE OF THE -- WHAT'S CALLED THE

3  "SUPERSEDING INDICTMENT," WHICH IS THE CURRENT CHARGE

4  AGAINST YOU, CHARGING YOU WITH TRAVEL WITH INTENT TO

5  ENGAGE IN ILLICIT SEXUAL CONDUCT, IN VIOLATION OF 18

6  UNITED STATES CODE, SECTION 2423 (B).

7       YOU ACKNOWLEDGE YOUR UNDERSTANDING OF THE ELEMENTS

8  OF THAT OFFENSE.  AND WE'LL GET INTO THOSE A LITTLE

9  LATER.  YOU ACKNOWLEDGE YOUR UNDERSTANDING THAT THE

10  MAXIMUM PENALTIES THAT CAN BE IMPOSED UNDER THE

11  APPROPRIATE STATUTE, 18 U.S.C., SECTION 2423 (B), ARE AS

12  FOLLOWS: A MAXIMUM PRISON TERM OF 30 YEARS; A MAXIMUM

13  FINE OF $250,000; A MAXIMUM SUPERVISED RELEASE TERM OF

14  LIFE WITH A MANDATORY MINIMUM OF FIVE YEARS;

15  RESTITUTION; A MANDATORY SPECIAL ASSESSMENT OF $5,000;

16  AND FORFEITURE AS IS SET FORTH IN THE AGREEMENT.

17       ONE ADDITIONAL CONSEQUENCE THAT I WANTED TO BRING

18  TO YOUR ATTENTION -- IT'S NOT IN THE AGREEMENT, BUT IT

19  WOULD BE APPROPRIATE TO BRING IT TO YOUR ATTENTION, AND

20  IT COMES UP AT VARIOUS TIMES -- IS THAT YOU MAY BE

21  REQUIRED AS A RESULT OF YOUR PLEA OF GUILTY AND

22  CONVICTION TO REGISTER AS A SEX OFFENDER.  IT'S UNDER

23  STATE AND FEDERAL LAW.

24       DO YOU UNDERSTAND THAT?

25           **THE DEFENDANT:**  YES, YOUR HONOR.

1          **THE COURT:**  I'M NOT STATING ANY POSITION, LEGAL

2    POSITION ABOUT WHETHER THAT'S TRUE OR IT'S REQUIRED, BUT IT'S A

3    POTENTIAL CONSEQUENCE.

4        YOU UNDERSTAND THAT?

5          **THE DEFENDANT:**  YES, YOUR HONOR.

6          **THE COURT:**  ALL RIGHT.  AND YOU STILL WISH TO GO

7    FORWARD?

8          **THE DEFENDANT:**  CORRECT.

9          **THE COURT:**  ALL RIGHT.  YOU AGREE THAT YOU'RE GUILTY

10   OF THE OFFENSE TO WHICH YOU'RE PLEADING GUILTY, AND THAT

11   CERTAIN FACTS ARE TRUE -- AND WE'LL GET INTO THOSE A LITTLE

12   LATER IN THE PROCEEDINGS.

13       YOU AGREE TO GIVE UP ALL THE RIGHTS THAT YOU WOULD

14   HAVE HAD IF THIS CASE WENT TO TRIAL, INCLUDING THE

15   RIGHTS THAT I'VE ALREADY SUMMARIZED FOR YOU AND MANY

16   OTHER CONSTITUTIONAL AND STATUTORY RIGHTS THAT YOU GIVE

17   UP BY PLEADING GUILTY.  AND THOSE ARE LAID OUT IN THE

18   AGREEMENT.

19       DID YOU GO OVER THOSE RIGHTS THAT YOU ARE GIVING UP

20   WITH YOUR ATTORNEY?

21          **THE DEFENDANT:**  YES, YOUR HONOR.

22          **THE COURT:**  YOU ALSO AGREE TO GIVE UP YOUR RIGHT TO

23   APPEAL YOUR CONVICTION, OR ANY RELATED ORDERS OF THE COURT.

24   AND YOU AGREE TO WAIVE ANY APPEAL, ANY ASPECT OF YOUR SENTENCE,

25   INCLUDING ANY ORDERS RELATING TO FORFEITURE AND/OR RESTITUTION.

```
1        YOU AGREE NOT TO FILE WHAT'S CALLED A "COLLATERAL

2   ATTACK," WHICH IS A SEPARATE LEGAL PROCEEDING, TO ATTACK

3   YOUR CONVICTION OR CONTEST YOUR CONVICTION OR SENTENCE

4   ON ANY GROUND EXCEPT YOU DO RESERVE YOUR RIGHT TO CLAIM

5   THAT YOUR ATTORNEY WAS INEFFECTIVE IN CONNECTION WITH

6   THE NEGOTIATION OF THIS AGREEMENT, OR THE ENTRY OF YOUR

7   GUILTY PLEA.

8        YOU ASK THE COURT  -- YOU AGREE NOT TO ASK THIS

9   COURT TO WITHDRAW YOUR GUILTY PLEA AT ANY TIME AFTER

10  IT'S ENTERED UNLESS THE COURT DECLINES TO ACCEPT THE

11  SENTENCE AGREED TO BY THE PARTIES.

12       YOU AGREE THAT THE GOVERNMENT MAY WITHDRAW FROM

13  THIS AGREEMENT IF THE COURT DOES NOT ACCEPT THE

14  AGREED-UPON RANGE SET OUT IN THE PLEA AGREEMENT.

15       YOU FURTHER AGREE THAT THE STATUTE OF LIMITATIONS

16  WOULD BE SUSPENDED, THE CLOCK THAT CALCULATES THAT WOULD

17  BE SUSPENDED FROM TODAY UNTIL THE DATE THAT THE COURT

18  REJECTS THE AGREEMENT, IF IT DOES SO.

19       NOW, UNDER THIS AGREEMENT IF YOU WERE TO VIOLATE

20  THE AGREEMENT AND THERE WERE FURTHER PROCEEDINGS IN THE

21  CASE SUCH AS A TRIAL OR FURTHER PROCEEDINGS, EVIDENTIARY

22  PROCEEDINGS, IF YOU VIOLATED THE AGREEMENT THAT ANYTHING

23  YOU SAY IN CONNECTION WITH THIS PLEA AGREEMENT, OR

24  PLEADING GUILTY COULD BE USED AGAINST YOU.

25       YOU UNDERSTAND THAT?
```

1          **THE DEFENDANT:** YES, YOUR HONOR.

2          **THE COURT:** AND THE GOVERNMENT WILL NOT -- IT ALSO

3     STATES THAT THE GOVERNMENT WILL NOT PRESERVE ANY PHYSICAL

4     EVIDENCE OBTAINED IN THE CASE.

5          YOU AGREE THAT THE COURT WILL USE THE SENTENCING

6     GUIDELINES TO CALCULATE YOUR SENTENCE AND THAT THOSE

7     GUIDELINES ARE NOT BINDING ON THE COURT, BUT THE COURT

8     MUST TAKE THEM INTO ACCOUNT WHEN SENTENCING TOGETHER

9     WITH THE RELEVANT FEDERAL SENTENCING STATUTES.

10         AND YOU AGREE THAT THE SENTENCING GUIDELINES WILL

11    BE CALCULATED IN SUCH A WAY THAT YOUR ADJUDGED OFFENSE

12    LEVEL WOULD BE 32.  THE PARTIES AGREE THAT YOUR CRIMINAL

13    HISTORY CATEGORY IS ONE.  AND YOU AGREE NOT TO ASK FOR

14    ANY OTHER ADJUSTMENT OR REDUCTION IN THE OFFENSE LEVEL

15    OR FOR A DOWNWARD DEPARTURE OR VARIATION FROM THE

16    OFFENSE LEVEL AND GUIDELINE RANGE SET FORTH IN THIS

17    AGREEMENT, WHICH, AGAIN, NETS OUT TO A 32 ADJUSTED

18    OFFENSE LEVEL.

19         NOW, YOU AGREE THAT A REASONABLE AND APPROPRIATE

20    DISPOSITION OF THIS CASE UNDER THE SENTENCING GUIDELINES

21    AND UNDER THE RELEVANT SENTENCING STATUTE AND THE

22    SENTENCE THAT YOU AND THE GOVERNMENT HAVE AGREED TO ARE

23    AS FOLLOWS:  A SENTENCE OF NOT LESS THAN TEN YEARS OF

24    IMPRISONMENT AND NOT MORE THAN 30 YEARS.  THAT'S NUMBER

25    ONE.

```
1        TWO:  A LIFE TERM OF SUPERVISED RELEASE WITH

2   CONDITIONS TO BE ESTABLISHED BY THE COURT.

3        AND THREE: A MANDATORY SPECIAL ASSESSMENT OF

4   $5,000.  IS THAT THE AGREEMENT THAT YOU -- FOR

5   DISPOSITION THAT YOU HAVE ENTERED INTO WITH THE

6   GOVERNMENT?

7             THE DEFENDANT:  YES, YOUR HONOR.

8             THE COURT:  DO YOU AGREE TO IT?

9             THE DEFENDANT:  YES, SIR.

10            THE COURT:  ALL RIGHT.  AND YOU AGREE THAT THE

11  GOVERNMENT MAY SUPPLY THE COURT AND THE PROBATION OFFICE WITH

12  ANY RELEVANT INFORMATION TO YOUR SENTENCING.

13       YOU AGREE TO PAY RESTITUTION FOR ALL THE LOSSES

14  CAUSED BY ALL YOUR SCHEMES AND OFFENSES WHICH -- BY ALL

15  THE SCHEMES OR OFFENSES WITH WHICH YOU WERE CHARGED IN

16  THE CASE, AND AGREE THAT THE AMOUNT OF RESTITUTION WILL

17  NOT BE LIMITED TO THE LOSS ATTRIBUTABLE TO THE COUNTS TO

18  WHICH YOU'RE PLEADING GUILTY UNDER THE RELEVANT STATUTE.

19       AND YOU AGREE THAT THE COURT MAY ORDER AND YOU WILL

20  PAY RESTITUTION, WHICH RESTITUTION OR MONETARY PAYMENTS

21  ARE DUE IMMEDIATELY FOR COLLECTION BY THE GOVERNMENT.

22       AND YOU AGREE TO PAY THE SPECIAL ASSESSMENT

23  REQUIRED BY LAW AT THE TIME OF SENTENCING.

24       YOU AGREE NOT TO ATTEMPT TO THE COMMIT OR COMMIT

25  ANY CRIMES BEFORE SENTENCE IS IMPOSED OR BEFORE YOU
```

1   BEGIN SERVING YOUR SENTENCE.

2       YOU AGREE THAT YOU MAY NOT HAVE CONTACT WITH ANY

3   VICTIMS OR WITNESSES IN THIS CASE, EITHER DIRECTLY OR

4   INDIRECTLY, BEFORE OR AFTER YOU'RE SENTENCED.  AND THIS

5   INCLUDES ANY KIND OF DIRECT OR INDIRECT CONDUCT.

6       YOU ALSO AGREE TO COMPLY WITH ALL OF YOUR PROMISES

7   THAT YOU'VE MADE IN THIS AGREEMENT.  AND YOU AGREE THAT

8   THE COURT MAY INCLUDE THIS NO CONTACT/NO HARASSMENT

9   PROVISION AS A CONDITION OF YOUR SUPERVISED RELEASE.

10      YOU AGREE THAT IF YOU FAIL TO COMPLY WITH ANY

11  PROMISES THAT YOU'VE MADE IN THIS AGREEMENT THEN THE

12  GOVERNMENT WILL BE RELEASED FROM ALL OF ITS PROMISES IN

13  THE AGREEMENT, INCLUDING THOSE WE'RE ABOUT TO GET INTO,

14  BUT YOU WILL NOT BE RELEASED FROM YOUR GUILTY PLEA.

15      YOU AGREE TO FORFEIT YOUR INTEREST IN CERTAIN

16  PROPERTY WHICH IS CALLED THE "SUBJECT PROPERTY," THAT IS

17  LISTED IN THE PLEA AGREEMENT AT PARAGRAPH 12,

18  SUBPARAGRAPHS A THROUGH H.

19      ARE YOU FAMILIAR WITH THOSE ITEMS THAT WOULD BE

20  SUBJECT TO FORFEITURE UNDER THIS AGREEMENT?

21          **THE DEFENDANT:**  YES, YOUR HONOR.

22          **THE COURT:**  AND YOU AGREE TO SUCH FORFEITURE?

23          **THE DEFENDANT:**  YES, YOUR HONOR.

24          **MR. GOLDROSEN:**  YOUR HONOR, MAY I HAVE ONE MOMENT?

25          **THE COURT:**  SURE.

1          **MR. GOLDROSEN:**  I WANT TO CONSULT WITH --

2          **THE COURT:**  YES.

3          **MR. GOLDROSEN:**  YOUR HONOR, AS YOU WERE READING --

4     SOMETIMES THINGS COME TO MIND AS YOU'RE READING SOMETHING.  AND

5     YOU WERE READING TO MR. JOHNSTON THAT HE CAN'T HAVE ANY CONTACT

6     WITH VICTIMS OR WITNESSES, WITH WHICH WE HAVE NO PROBLEM.  AND

7     THIS IS SOMETHING I HADN'T THOUGHT OF BEFORE.

8          BUT I BELIEVE TECHNICALLY HIS DAUGHTER MIGHT BE

9     CONSIDERED A WITNESS.  AND I DON'T THINK THE GOVERNMENT

10    HAS ANY OBJECTION TO STATING ON THE RECORD THAT HE CAN

11    HAVE CONTACT WITH HIS DAUGHTER.

12         **MS. BESSETTE:**  I THINK THAT MIGHT BE A VIOLATION OF

13    PUBLIC POLICY, YOUR HONOR.  I DON'T THINK WE CAN AGREE THAT

14    HE'D BE PROHIBITED FROM CONTACTING HIS DAUGHTER, WHO IS A

15    WITNESS, BUT NOT AT A VICTIM.

16         **THE COURT:**  ALL RIGHT.  SO THAT WILL BE CARVED OUT

17    AND SO ORDERED.

18         **MR. GOLDROSEN:**  THANK YOU.

19         **THE COURT:**  ALL RIGHT.  SO I WILL SAY, HOWEVER,

20    COUNSEL, THAT IT MAY BE UNDER THE CIRCUMSTANCES, BUT THERE ARE

21    CIRCUMSTANCES WHERE TO THE EXTENT A PERSON IS AT RISK THE

22    COURT -- AND THE PERSON HAPPENS TO BE A RELATIVE OF THE

23    DEFENDANT -- THIS COURT HAS ORDERED, AND I THINK IT'S

24    APPROPRIATE, LACK OF CONTACT.  BUT IF THE COURT BASED UPON THE

25    REPRESENTATION THAT THE GOVERNMENT'S MAKING ABOUT THIS -- THE

```
 1   DEFENDANT'S DAUGHTER NOT BEING A VICTIM, I THINK YOUR STATEMENT

 2   IS APPROPRIATE.

 3       DO YOU AGREE WITH THAT?

 4           MS. BESSETTE:  I DO, YOUR HONOR.

 5           THE COURT:  ALL RIGHT.  VERY WELL.

 6           MR. GOLDROSEN:  THANK YOU.

 7           THE COURT:  THANK YOU FOR BRINGING THAT TO MY

 8   ATTENTION.

 9           MR. GOLDROSEN:  THANK YOU.

10           THE COURT:  SO IS HE AGREEING THAT ALL THAT PROPERTY

11   THAT IS LISTED IN THE AGREEMENT WILL BE FORFEITED AND YOU WON'T

12   CONTEST THAT?

13       YOU AGREE THAT THIS AGREEMENT CONTAINS ALL THE

14   PROMISES AND AGREEMENTS BETWEEN YOU AND THE GOVERNMENT

15   AND TAKES THE PLACE OF ANY OTHER AGREEMENTS, WHETHER

16   THEY ARE IN WRITING OR ORAL, AND NO CHANGE OR

17   MODIFICATION OF THIS AGREEMENT WILL BE EFFECTIVE UNLESS

18   IT'S IN WRITING AND SIGNED BY ALL THE PARTIES.

19       AND YOU AGREE THAT THIS AGREEMENT BINDS ONLY THE

20   U.S. ATTORNEY'S OFFICE FOR THE NORTHERN DISTRICT OF

21   CALIFORNIA AND NOT ANY OTHER FEDERAL, STATE OR LOCAL

22   AGENCY.  FOR IT'S PART, THE GOVERNMENT HAS PROMISED YOU

23   THAT IT WILL MOVE TO DISMISS ANY OPEN CHARGES AGAINST

24   YOU IN THE SUPERSEDING INDICTMENT AT THE TIME OF

25   SENTENCING.
                             -
```

 1        THEY AGREE NOT TO FILE ANY ADDITIONAL CHARGES

 2   AGAINST YOU THAT COULD BE FILED AS A RESULT OF THE

 3   INVESTIGATION THAT LED TO THE SUPERSEDING INDICTMENT.

 4   AND THE GOVERNMENT AGREES THAT A REASONABLE AND

 5   APPROPRIATE SENTENCE IN THIS CASE IS AS SET FORTH

 6   BEFORE, AND I SUMMARIZED, UNLESS YOU VIOLATE THE TERMS

 7   OF THE AGREEMENT OR FAIL TO ACCEPT RESPONSIBILITY.

 8        I SHOULD DIGRESS FOR A MOMENT, MS. BESSETTE, AND

 9   ASK WHETHER THE GOVERNMENT HAS COMPLIED WITH THE FEDERAL

10   VICTIMS' RIGHTS STATUTE AND GIVEN THE VICTIM HIS OR HER

11   REPRESENTATIVE AN OPPORTUNITY TO WEIGH IN ON THE PLEA

12   AGREEMENT?

13        **MS. BESSETTE:**  IT'S MY UNDERSTANDING OUR VICTIM UNIT

14   HAS, YOUR HONOR.

15        **THE COURT:**  ALL RIGHT.  VERY WELL.

16        YOU ACKNOWLEDGE THAT YOU HAVE HAD SUFFICIENT TIME

17   TO DISCUSS THE CASE AND ALL ASPECTS OF IT WITH YOUR

18   ATTORNEY, AND THAT YOUR ATTORNEY HAS PROVIDED YOU WITH

19   ALL THE LEGAL ADVICE YOU HAVE REQUESTED.

20        YOU CONFIRM THAT AT THE TIME YOU SIGNED THIS

21   AGREEMENT YOU WERE NOT UNDER ANY DURESS OR UNDER THE

22   INFLUENCE OF ANY DRUG AND THAT YOUR DECISION TO ENTER

23   THIS GUILTY PLEA WAS MADE KNOWING ALL THE ASPECTS OF THE

24   CASE THAT ARE RELEVANT TO YOUR SENTENCE AND CONVICTION.

25        SO THAT CONCLUDES THE SUMMARY, VERBAL SUMMARY,

1    MR. JOHNSTON.

2        HAS THE COURT CORRECTLY SUMMARIZED THE PLEA

3    AGREEMENT VERBALLY?

4            **THE DEFENDANT:**  YES, YOUR HONOR.

5            **THE COURT:**  HAS ANYONE MADE ANY OTHER PROMISES OR

6    DIFFERENT PROMISES, COMMITMENTS OR REPRESENTATIONS OF ANY KIND

7    TO YOU IN AN EFFORT TO INDUCE OR ENCOURAGE YOU TO PLEAD GUILTY

8    IN THIS CASE?

9            **THE DEFENDANT:**  NO, YOUR HONOR.

10           **THE COURT:**  NOW, I'M GOING TO ASK YOUR ATTORNEY SOME

11   QUESTIONS ABOUT THE PLEA AGREEMENT.  AND I'D LIKE YOU TO PLEASE

12   PAY ATTENTION BECAUSE I'M GOING TO ASK YOU TO COMMENT

13   AFTERWARDS.

14       MR. GOLDROSEN, DOES YOUR SIGNATURE APPEAR ON THE

15   LAST PAGE OF THIS WRITTEN PLEA AGREEMENT I'M HOLDING UP?

16           **MR. GOLDROSEN:**  IT DOES, YOUR HONOR.

17           **THE COURT:**  HAVE YOU DISCUSSED THIS PLEA AGREEMENT

18   THOROUGHLY AND COMPLETELY WITH MR. JOHNSTON, INCLUDING THE

19   PROVISION REGARDING WAIVER OF APPEAL?

20           **MR. GOLDROSEN:**  I HAVE.

21           **THE COURT:**  ALL RIGHT.  HAVE YOU DISCUSSED WITH HIM

22   EACH OF THE ELEMENTS OF EACH COUNT OR TO THE COUNT TO WHICH

23   HE'S PLEADING GUILTY?

24           **MR. GOLDROSEN:**  I HAVE.

25           **THE COURT:**  HAVE YOU ANSWERED ALL OF MR. JOHNSTON'S

1    QUESTIONS ABOUT THE PLEA AGREEMENT?

2              **MR. GOLDROSEN:**  YES.

3              **THE COURT:**  IN YOUR OPINION, DOES MR. JOHNSTON

4    UNDERSTAND THE PLEA AGREEMENT IN ITS ENTIRETY, INCLUDING THE

5    PROVISION REGARDING WAIVER OF APPEAL?

6              **MR. GOLDROSEN:**  YES.

7              **THE COURT:**  THANK YOU.

8         TURNING BACK TO YOU, MR. JOHNSTON, HAVING HEARD

9    THOSE ANSWERS DO YOU AGREE THAT THEY ARE CORRECT?

10             **THE DEFENDANT:**  ABSOLUTELY, YOUR HONOR.

11             **THE COURT:**  NOW, DO YOU UNDERSTAND THAT THE OFFENSE

12   TO WHICH YOU'RE PLEADING GUILTY IS A FELONY?

13             **THE DEFENDANT:**  YES, I DO.

14             **THE COURT:**  AND BY VIRTUE OF BEING CONVICTED OF A

15   FELONY, WHICH YOU WILL BE IF I ACCEPT YOUR GUILTY PLEA, YOU

16   WILL LOSE CERTAIN CIVIL RIGHTS, SUCH AS THE RIGHT TO POSSESS

17   ANY KIND OF FIREARM OR AMMUNITION OR DESTRUCTIVE DEVICES.

18        YOU MAY LOSE CERTAIN OTHER CIVIL RIGHTS, SUCH AS

19   THE RIGHT TO HOLD PUBLIC OFFICE, THE RIGHT TO VOTE OR

20   THE RIGHT TO SERVE ON A JURY.

21        YOU UNDERSTAND THAT?

22             **THE DEFENDANT:**  YES, YOUR HONOR.

23             **THE COURT:**  NOW, I WANT TO TALK TO YOU A LITTLE BIT

24   ABOUT THE TYPE OF AGREEMENT THAT YOU'VE ENTERED INTO, WHICH IS

25   CALLED A RULE 11 (C) (1) (C) PLEA AGREEMENT UNDER THE FEDERAL

1   RULES OF CRIMINAL PROCEDURE, OR C PLEA.  AND THIS IS A

2   SPECIALIZED AGREEMENT, SO I WANT TO MAKE SURE THAT YOU

3   UNDERSTAND THE CONSEQUENCES AND CIRCUMSTANCES OF IT.

4        SO DO YOU UNDERSTAND THAT YOU AND THE GOVERNMENT AS

5   PART OF THIS PLEA AGREEMENT HAVE AGREED TO A SPECIFIC

6   SENTENCE OR/AND TO DISMISS CERTAIN COUNTS OF THE

7   SUPERSEDING INDICTMENT?

8        **THE DEFENDANT:** YES, YOUR HONOR.

9        **THE COURT:**  DO YOU UNDERSTAND THAT I HAVE THE RIGHT

10  TO REJECT THIS AGREEMENT AFTER RECEIVING ADDITIONAL INFORMATION

11  ABOUT YOU AND THE CASE?

12       **THE DEFENDANT:** YES, YOUR HONOR.

13       **THE COURT:**  NOW, IF THE COURT -- UNDER THE STATUTE,

14  IF THE COURT DECIDES TO REJECT THE PLEA AGREEMENT DO YOU

15  UNDERSTAND THAT I'M REQUIRED TO PERSONALLY ADVISE YOU OF THIS

16  FACT IN OPEN COURT, AND THEN GIVE YOU THE OPPORTUNITY TO

17  WITHDRAW YOUR GUILTY PLEA.  SO THAT'S ONE CONSEQUENCE.

18       THE SECOND CONSEQUENCE IS -- THE NEXT CONSEQUENCE

19  IS ONCE YOU WITHDRAW YOUR GUILTY PLEA, YOU HAVE A RIGHT

20  TO GO TO TRIAL WITH ALL OF YOUR RIGHTS RESTORED, OR

21  ATTEMPT TO NEGOTIATE A DIFFERENT DISPOSITION WITH THE

22  GOVERNMENT THAT THE COURT MIGHT FIND ACCEPTABLE.

23       AND BUT IF THE COURT -- THE THIRD OPTION WHICH YOU

24  HAVE IS UPON HEARING THAT THE COURT HAS REJECTED THE

25  PLEA AGREEMENT TO SAY:

1          "I STILL WANT TO GO FORWARD WITH THE PLEA EVEN

2      THOUGH THE COURT HAS REJECTED THE DISPOSITION, THE

3      SENTENCE WE'VE AGREED ON."

4          IN THAT CASE, THE COURT HAS A RIGHT TO SENTENCE YOU

5  TO ANY SENTENCE UP TO THE MAXIMUM PERMITTED BY LAW.

6          DO YOU UNDERSTAND THAT?

7              **THE DEFENDANT:**  YES, YOUR HONOR.

8              **THE COURT:**  ALL RIGHT.  AND SO THOSE ARE THE OPTIONS

9  THAT YOU HAVE.  IF THE COURT ACCEPTS THE PLEA AGREEMENT IN ITS

10  ENTIRETY, THEN THE COURT IS REQUIRED BY LAW TO SENTENCE YOU IN

11  ACCORDANCE WITH THE SENTENCE THAT YOU AND THE GOVERNMENT HAVE

12  AGREED TO.

13          DID YOU UNDERSTAND THAT?

14              **THE DEFENDANT:**  YES, YOUR HONOR.

15              **THE COURT:**  ALL RIGHT.  NOW, THE PLEA AGREEMENT

16  REFERS TO THE SENTENCING GUIDELINES.  AND I WANT TO MAKE SURE

17  THAT YOU UNDERSTAND THAT AS THE PLEA AGREEMENT STATES THOSE

18  GUIDELINES ARE MERELY ADVISORY, AND THEY ARE NOT BINDING ON THE

19  COURT.

20          DO YOU UNDERSTAND THAT?

21              **THE DEFENDANT:**  YES, YOUR HONOR.

22              **THE COURT:**  HAVE YOU AND MR. GOLDROSEN TALKED ABOUT

23  HOW THE SENTENCING GUIDELINES MIGHT APPLY IN YOUR CASE?

24              **THE DEFENDANT:**  YES.

25              **THE COURT:**  DO YOU UNDERSTAND THAT THE COURT WILL NOT

1    BE ABLE TO DETERMINE THE CORRECT ADVISORY GUIDELINE RANGE FOR

2    YOUR CASE UNTIL AFTER A PRESENTENCE REPORT HAS BEEN COMPLETED

3    AND YOU AND THE GOVERNMENT HAVE HAD AN OPPORTUNITY TO CHALLENGE

4    THE REPORTED FACTS?

5              **THE DEFENDANT:**  YES, YOUR HONOR.

6              **THE COURT:**  DO YOU UNDERSTAND THAT THE SENTENCE

7    IMPOSED MAYBE BY THE COURT ULTIMATELY MAY BE DIFFERENT FROM ANY

8    ESTIMATE YOUR ATTORNEY MAY HAVE GIVEN YOU?

9              **THE DEFENDANT:**  YES, YOUR HONOR.

10             **THE COURT:**  DO YOU ALSO UNDERSTAND THAT BECAUSE, AS I

11   PREVIOUSLY MENTIONED, THE GUIDELINES ARE NOT BINDING ON THE

12   COURT, THE COURT HAS THE AUTHORITY TO IMPOSE A SENTENCE THAT IS

13   MORE SEVERE OR LESS SEVERE THAN THE SENTENCED CALLED FOR BY THE

14   ADVISORY SENTENCING GUIDELINES?

15             **THE DEFENDANT:**  YES, YOUR HONOR.

16             **THE COURT:**  NOW, DO YOU UNDERSTAND THAT UNDER OUR

17   SYSTEM OF CRIMINAL JUSTICE IN A FEDERAL CASE PAROLE HAS BEEN

18   ABOLISHED?  AND IF YOU ARE SENTENCED TO PRISON YOU WILL NOT BE

19   RELEASED ON PAROLE.

20             **THE DEFENDANT:**  YES, YOUR HONOR.

21             **THE COURT:**  NOW, HAVE YOU RECEIVED A COPY OF THE

22   CURRENT CHARGES, THE SO-CALLED "SUPERSEDING INDICTMENT"?

23             **THE DEFENDANT:**  YES, YOUR HONOR.

24             **THE COURT:**  DO YOU UNDERSTAND WHAT YOU'RE CHARGED

25   WITH?

1          **THE DEFENDANT:**  YES, YOUR HONOR.

2          **THE COURT:**  FOR THE RECORD, I'LL ASK THE UNITED

3    STATES TO PLEASE PRESENT THE ELEMENTS OF THE CHARGED OFFENSES?

4          **MS. BESSETTE:**  YOUR HONOR, THE DEFENDANT IS PLEADING

5    GUILTY TO COUNT ONE:  TRAVEL WITH INTENT TO ENGAGE IN ILLICIT

6    SEXUAL CONDUCT IN VIOLATION OF 18 UNITED STATES CODE, SECTION

7    2423 (B).

8          THE ELEMENTS OF THE OFFENSE ARE AS FOLLOWS: THE

9    DEFENDANT KNOWINGLY TRAVELLED IN INTERSTATE COMMERCE;

10   TWO, THE DEFENDANT'S PURPOSE IN TRAVELING IN INTERSTATE

11   COMMERCE WAS TO ENGAGE IN ILLICIT SEXUAL CONDUCT.  THAT

12   IS, TO ENGAGE IN A SEXUAL ACT WITH A PERSON UNDER THE

13   AGE OF 18.

14         THE TERM "SEXUAL ACT" MEANS, A:  CONTACT BETWEEN

15   THE PENIS AND THE VULVA OR THE PENIS AND THE ANUS FOR

16   THE PURPOSE OF SUBPARAGRAPH, CONTACT INVOLVING THE PENIS

17   OCCURS UPON PENETRATION, HOWEVER SLIGHT.  B:  CONTACT

18   BETWEEN THE MOUTH AND THE PENIS, THE MOUTH AND THE VULVA

19   OR THE MOUTH AND THE ANUS.

20         C:  THE PENETRATION, HOWEVER SLIGHT, OF THE ANAL OR

21   GENITAL OPENING OF ANOTHER BY A HAND OR FINGER BY ANY

22   OBJECT WITH AN INTENT TO ABUSE, HUMILIATE, HARASS,

23   DEGRADE, OR AROUSE OR GRATIFY THE SEXUAL DESIRE OF ANY

24   PERSON.  OR, D:  THE INTENTIONAL TOUCHING, NOT THROUGH

25   THE CLOTHING, OF THE GENITALIA OF ANOTHER PERSON WHO HAS

1  NOT OBTAINED THE AGE -- ATTAINED THE AGE OF 16 YEARS,

2  WITH AN INTENT TO ABUSE, HUMILIATE, HARASS, DEGRADE OR

3  AROUSE OR GRATIFY THE SEXUAL DESIRE OF ANY PERSON.

4      THE MAXIMUM PENALTIES FOR THIS ARE 30 YEARS

5  IMPRISONMENT, A FINE OF $250,000, MAXIMUM SUPERVISED

6  RELEASE TERM OF LIFE WITH A MANDATORY MINIMUM OF FIVE

7  YEARS.  RESTITUTION AS DETERMINED BY THE COURT, AND A

8  MANDATORY SPECIAL ASSESSMENT OF $5,000, AS WELL AS

9  FORFEITURE.

10      **THE COURT:**  ALL RIGHT.  TURNING BACK TO YOU, MR.

11  JOHNSTON, DO YOU UNDERSTAND THE ELEMENTS OF THE OFFENSE WITH

12  WHICH YOU'RE CHARGED AND TO WHICH YOU'RE OFFERING A GUILTY

13  PLEA?

14      **THE DEFENDANT:**  YES, YOUR HONOR.

15      **THE COURT:**  HAVE YOU FULLY DISCUSSED THE CHARGES AND

16  THE CASE IN GENERAL WITH MR. GOLDROSEN, YOUR ATTORNEY?

17      **THE DEFENDANT:**  YES.

18      **THE COURT:**  HAVE YOU HAD AN ADEQUATE AMOUNT OF TIME

19  TO DISCUSS THE POSSIBLE DEFENSES AND SENTENCE?

20      **THE DEFENDANT:**  YES, YOUR HONOR.

21      **THE COURT:**  PLEASE TELL ME IN YOUR OWN WORDS WHAT

22  YOU'RE CHARGED WITH.

23      **THE DEFENDANT:**  I'M CHARGED ON OCTOBER 6, 2014,

24  TRAVEL FROM CALIFORNIA TO OREGON.  PURPOSE OF MY TRAVEL WAS TO

25  ENGAGE IN A SEX ACT WITH A PERSON UNDER THE AGE OF 18.  I DID

1  ENGAGE IN A SEX ACT WITH THAT PERSON AND KNEW SHE WAS UNDER 18.

2  LATER I ENGAGED IN OTHER SEX ACTS WITH THE SAME PERSON AT MY

3  HOME, IN CALIFORNIA.

4          **THE COURT:**  ALL RIGHT.  AND DO YOU UNDERSTAND THAT

5  THE MAXIMUM PENALTY WHICH COULD BE IMPOSED ARE THE ONES THE

6  COURT RECITED AND THE PLEA AGREEMENT RECITED AND THE U.S.

7  ATTORNEY RECITED?

8          **THE DEFENDANT:**  YES, YOUR HONOR.

9          **THE COURT:**  NOW, DO YOU UNDERSTAND THAT THE COURT IS

10  ALSO REQUIRED TO ORDER YOU TO MAKE RESTITUTION TO ANY VICTIM

11  WHO MAY HAVE SUSTAINED A LOSS UNLESS -- IN THIS CASE, UNLESS

12  THE COURT GIVES SPECIFIC REASONS ON THE RECORD FOR NOT ORDERING

13  YOU TO DO SO?

14          **THE DEFENDANT:**  YES, YOUR HONOR.

15          **THE COURT:**  DO YOU UNDERSTAND THAT IF THE COURT

16  SENTENCES YOU TO CONDITIONS OF SUPERVISED RELEASE AND YOU

17  VIOLATE ANY OF THOSE YOU CAN BE GIVEN ADDITIONAL TIME IN

18  PRISON?

19          **THE DEFENDANT:**  YES, YOUR HONOR.

20          **THE COURT:**  SO DO YOU UNDERSTAND ALL THE CONSEQUENCES

21  OF PLEADING GUILTY?

22          **THE DEFENDANT:**  YES, YOUR HONOR.

23          **THE COURT:**  NOW, DID YOU COMMIT THE CRIME THAT YOU'RE

24  PLEADING GUILTY TO?

25          **THE DEFENDANT:**  YES, I DID, YOUR HONOR.

1     **THE COURT:**  AND DID YOU COMMIT THE ACTS YOU JUST

2  RECITED IN RESPONSE TO THE COURT'S QUESTIONS?

3     **THE DEFENDANT:**  YES, I DID.

4     **THE COURT:**  NOW, I'M GOING TO ASK THE GOVERNMENT TO

5  TELL YOU WHAT IT WOULD BE PREPARED TO PROVE BEYOND A REASONABLE

6  DOUBT IN THIS CASE WERE IT TO GO TO TRIAL.  THEN, I'M GOING TO

7  ASK YOU IF YOU AGREE THAT THOSE FACTS ARE TRUE OR IF YOU WOULD

8  LIKE TO MAKE ANY CHANGES OR DISAGREE WITH ANY OF THOSE FACTS.

9     MS. BESSETTE?

10     **MS. BESSETTE:**  THANK YOU, YOUR HONOR.

11     IF THIS CASE WERE TO GO TO TRIAL, THE UNITED STATES

12  WOULD PROVE BEYOND A REASONABLE DOUBT ON OCTOBER 6,

13  2014, THE DEFENDANT TRAVELLED BY PLANE FROM THE NORTHERN

14  DISTRICT OF CALIFORNIA TO OREGON TO MEET WITH A VICTIM,

15  CN, A FEMALE THE DEFENDANT KNEW TO BE 14 YEARS OLD, FOR

16  THE PURPOSE OF ENGAGING IN A SEXUAL ACT.  AT THE TIME

17  THE DEFENDANT WAS 41 YEARS OLD.

18     PRIOR TO THIS THE DEFENDANT USED HIS SMART PHONE,

19  IPAD AND LAPTOP COMPUTERS TO COMMUNICATE WITH THE

20  VICTIM.

21     THE DEFENDANT CONTINUED TO COMMUNICATE WITH THE

22  VICTIM AFTER THE TRIP ON THESE DEVICES.  THE DEFENDANT

23  ALSO ENGAGED IN SEXUAL ACTS WITH THE VICTIM ON

24  OCTOBER 6, 2014, IN OREGON IN HIS RENTAL CAR.

25     ON OCTOBER 14, 2014 -- EXCUSE ME. THAT SHOULD BE

1  14, YOUR HONOR, IN PARAGRAPH TWO.

2       IN 2014, THE DEFENDANT TRAVELED BY CAR FROM

3  CALIFORNIA TO OREGON.  THE DEFENDANT THEN DROVE THE

4  VICTIM FROM OREGON TO CALIFORNIA.  LATER, THE DEFENDANT

5  ENGAGED IN SEXUAL ACTS WITH THE VICTIM AT HIS HOME IN

6  CALIFORNIA.

7            **THE COURT:**  ALL RIGHT.  BEFORE WE GO FURTHER, I THINK

8  YOU SHOULD MAKE THE CORRECTION IN THE ACTUAL PLEA AGREEMENT AND

9  HAVE THE ATTORNEYS, AS WELL AS THE DEFENDANT, INITIAL THE

10  CHANGE.

11            **MS. BESSETTE:**  WILL DO.  THANK YOU, YOUR HONOR.

12       WE HAVE JUST CHANGED "OCTOBER 14, 2015" TO "2014"

13  ON PAGE TWO, PARAGRAPH TWO, LINE 24.

14            **THE COURT:**  ALL RIGHT.

15       AND MR. GOLDROSEN, THAT'S ACCEPTABLE?

16            **MR. GOLDROSEN:**  IT IS, YES.

17            **THE COURT:**  AND, MR. JOHNSTON, THAT'S ACCEPTABLE?

18            **THE DEFENDANT:**  YES, YOUR HONOR.

19            **THE COURT:**  NOW, HAVING HEARD WHAT THE GOVERNMENT

20  SAID IT COULD PROVE IF THIS CASE WENT TO TRIAL, DO YOU AGREE

21  THAT WHAT THE GOVERNMENT JUST STATED IN TERMS OF THE EVIDENCE

22  IS SUBSTANTIALLY CORRECT?

23            **THE DEFENDANT:**  I DO, YOUR HONOR.

24            **THE COURT:**  ARE THERE ANY CORRECTIONS OR

25  MODIFICATIONS YOU'D LIKE TO MAKE TO THOSE FACTS AS STATED?

1           **THE DEFENDANT:**  NO, YOUR HONOR.

2           **THE COURT:**  NOW, ARE YOU PLEADING GUILTY BECAUSE

3  YOU'RE, IN FACT, GUILTY OF THE CHARGES?

4           **THE DEFENDANT:**  YES.

5           **THE COURT:**  OR THE CHARGE, EXCUSE ME.

6           **THE DEFENDANT:**  YES.

7           **THE COURT:**  NOW, YOU'VE BEEN REPRESENTED IN THIS CASE

8  BY MR. GOLDROSEN; IS THAT CORRECT?

9           **THE DEFENDANT:**  CORRECT.

10          **THE COURT:**  HAS MR. GOLDROSEN PROVIDED TO YOU ALL OF

11  THE LEGAL ADVICE THAT YOU'VE NEEDED OR WANTED?

12          **THE DEFENDANT:**  YES, YOUR HONOR.

13          **THE COURT:**  HAS MR. GOLDROSEN DONE ANYTHING THAT

14  YOU'VE PREVIOUSLY OBJECTED TO OR OBJECT TO NOW?

15          **THE DEFENDANT:**  NO, YOUR HONOR.

16          **THE COURT:**  ARE YOU SATISFIED WITH THE LEGAL HELP

17  THAT MR. GOLDROSEN HAS PROVIDED TO YOU?

18          **THE DEFENDANT:**  YES, YOUR HONOR.

19          **THE COURT:**  DO YOU NEED TO OBTAIN ANY FURTHER LEGAL

20  ADVICE FROM MR. GOLDROSEN NOW BEFORE THE COURT ACCEPTS YOUR

21  GUILTY PLEA?

22          **THE DEFENDANT:**  NO, YOUR HONOR.

23          **THE COURT:**  SO WITH ALL OF THE CONSEQUENCES OF

24  PLEADING GUILTY IN MIND, HOW DO YOU PLEAD TO COUNT ONE OF THE

25  SUPERSEDING INDICTMENT CHARGING YOU WITH TRAVEL TO ENGAGE --

1    WITH INTENT TO ENGAGE IN ILLICIT SEXUAL CONDUCT, IN VIOLATION

2    OF 18 UNITED STATES CODE, SECTION 2423 (B), GUILTY OR NOT

3    GUILTY?

4            **THE DEFENDANT:**  GUILTY, YOUR HONOR.

5            **THE COURT:**  THE COURT FINDS THAT THE DEFENDANT HAS

6    KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY, WITH THE ADVICE OF

7    HIS ATTORNEY, ENTERED A GUILTY PLEA.

8        THE COURT FURTHER FINDS THAT THE ELEMENTS REQUIRED

9    TO SUPPORT A CONVICTION UNDER THE CHARGED STATUTE HAVE

10   BEEN SATISFIED.

11       THE COURT FURTHER FINDS THERE IS A SUFFICIENT

12   FACTUAL BASIS TO SUPPORT THE PLEA.

13       THE COURT THEREFORE ACCEPTS THE GUILTY PLEA.

14       AND AS I MENTIONED IS THE COURT'S -- THE COURT HAS

15   THE AUTHORITY TO RESERVE RULING ON WHETHER TO ACCEPT THE

16   PLEA AGREEMENT PENDING COMPLETION OF A PRESENTENCE

17   REPORT.

18       SO I WILL RESERVE THAT AND NOW ORDER THE COMPLETION

19   OF A PRESENTENCE REPORT AND SET A SENTENCING DATE.

20           **MR. GOLDROSEN:**  YOUR HONOR, WITH RESPECT TO THE

21   SENTENCING DATE, WITH THE GOVERNMENT'S CONCURRENCE -- AND I'VE

22   ASKED THE CLERK TO CHECK YOUR CALENDAR -- I AM ASKING FOR A

23   DATE OF APRIL 5, LONGER THAN USUAL, BUT THIS IS A MORE

24   COMPLICATED SENTENCING THAN USUAL, AND I WOULD LIKE TO HAVE

25   MORE TIME TO PREPARE MITIGATION INFORMATION FOR THE COURT.

1          **THE COURT:**  DO YOU HAVE ANY OBJECTION TO THAT?

2          **MS. BESSETTE:**  NO, YOUR HONOR.

3          **THE COURT:**  ALL RIGHT.  SO ORDERED.

4      MS. OTTOLINI?

5          **THE CLERK:**  APRIL 5, 2016, AT 1:00 P.M.

6          **THE COURT:**  IS THAT ACCEPTABLE TO COUNSEL?

7          **MR. GOLDROSEN:**  YES, THANK YOU.

8          **MS. BESSETTE:**  YES, IT IS.  THANK YOU, YOUR HONOR.

9          **THE COURT:**  ALL RIGHT.

10      NOW, MR. JOHNSTON, THE COURT JUST ORDERED A

11  PRESENTENCE REPORT, AND YOU'LL BE INTERVIEWED BY A

12  PROBATION OFFICER.  I WANTED TO ADVISE YOU YOU HAVE A

13  RIGHT TO HAVE YOUR ATTORNEY PRESENT DURING THAT

14  INTERVIEW.

15      YOU UNDERSTAND THAT RIGHT?

16          **THE DEFENDANT:**  YES, YOUR HONOR.

17          **THE COURT:**  ALL RIGHT.  BEFORE WE CONCLUDE,

18  MR. JOHNSTON, IS THERE ANYTHING THAT YOU HAVEN'T UNDERSTOOD OR

19  YOU HAVE ANY QUESTIONS ABOUT THAT YOU WOULD LIKE TO ASK THE

20  COURT OR YOUR ATTORNEY ABOUT ANYTHING AT ALL THAT OCCURRED

21  ABOUT WHICH YOU'D LIKE TO COMMENT OR QUESTION?

22          **THE DEFENDANT:**  NO, YOUR HONOR.

23          **THE COURT:**  ALL RIGHT.  VERY WELL.

24      ANYTHING FURTHER?

25          **MS. BESSETTE:**  NO, THERE'S NOT.

1          **THE COURT:**  MR. GOLDROSEN?

2          **MR. GOLDROSEN:**  NO.

3          **THE COURT:**  ALL RIGHT.

4      THANK YOU VERY MUCH, EVERYBODY.

5      THANK YOU, MR. JOHNSTON.

6          (THEREUPON, THIS HEARING WAS CONCLUDED.)

7  STENOGRAPHY CERTIFICATION

8          "I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT
   FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER."
9              APRIL 26, 2017
               KATHERINE WYATT
10  _____