UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>BLAKE ROBERT JOHNSTON,<br>Defendant. | Case No. 14-cr-00545-JSW-1<br><br>**ORDER TO SHOW CAUSE**<br>Re: Dkt. Nos. 117, 120 |

On December 1, 2015, Defendant entered a guilty plea to one count of travel with intent to engage in illicit sexual conduct, in violation of 18 U.S.C. section 2423(b). (Dkt. No. 45.) On April 5, 2016, the Court sentenced defendant to a term of imprisonment of 360 months, imposed a fine of $17,500, ordered restitution in the amount of $4,483.00, and entered judgment. (Dkt. No. 65.) Because the total amount of restitution was not final, the Court set a further restitution hearing. On June 30, 2016, the Court entered an amended judgment, which ordered restitution in the amount of $43,131.86. (Dkt. No. 78.) On April 21, 2017, Defendant moved to vacate his sentence pursuant to 28 U.S.C. section 2255, based on ineffective assistance of counsel. (Dkt. No. 117, 120.)

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a

prompt hearing thereon, determine the issues and make findings of
fact and conclusions of law with respect thereto.

22 U.S.C. § 2255.  Thus, a hearing is required "whenever the record does not affirmatively manifest the factual or legal invalidity of the [movant's] claims." *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) (citation omitted).  "A hearing must be granted unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984) (citations omitted).  Defendant's ineffective assistance of counsel claim appears colorable, and the Court determines a response from the Government is warranted.

The Clerk has served notice on the Government.  (Dkt. No. 119.)  Accordingly, for the foregoing reasons and for good cause shown:

1.	The Government shall file with the Court and serve on Defendant, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the Court should not "vacate, set aside or correct the sentence" being served by Defendant.

3.	If Defendant wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on the Government within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: April 28, 2017

_____
JEFFREY S. WHITE
United States District Judge